# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 3.2.3
### Eastern Division

CR Mortgage Corporation

                              Plaintiff,

v.                                                Case No.: 1:09−cv−01887

                                                     Honorable Wayne R. Andersen

Conrad J Ulz

                              Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, November 20, 2009:

       MINUTE entry before the Honorable Wayne R. Andersen:Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the decision of the bankruptcy court is affirmed, terminating the case. This is a final and appealable order. Civil case terminated. Mailed notice(tsa, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C&R MORTGAGE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 1887 |
| ) | |
| CONRAD ULZ, MARY ANN ULZ and ) | Wayne R. Andersen |
| REBECCA ULZ, ) | District Judge |
| ) | |
| Defendants. ) | |

### MEMORANDUM, OPINION AND ORDER

This case is before the Court on C&R Mortgage Corporation's ("C&R") appeal from a decision issued by the United States Bankruptcy Court for the Nothern District of Illinois, which held that the C&R's claim against the Estate of Conrad Ulz ("Ulz") is disallowed because the assignment of the judgment that C&R is attempting to collect is in violation of the Illinois Joint Tortfeasor Contribution Act, 740 ILCS 100/1 *et. Seq.* (2006) (the "Contribution Act"), which states that a "tortfeasor who settles with a claimant..is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement." 740 ILCS 100/2(e) (2006). For the following reasons, the decision of the bankruptcy court is affirmed.

### BACKGROUND

The facts are taken from the opinion of the United States Bankruptcy Court. *In re Ulz*, 401 B.R. 321 (Bankr. N.D. Ill. 2009). On May 6, 2003, New Freedom Mortgage Corp. ("New Freedom"), a residential mortgage lender, filed an action in the district court, *New Freedom Mortgage Co. v. C&R Mortgage Corp., et al.*, No. 03 C 3027 (N.D. Ill.). New Freedom alleged that in early 2000, it had been the victim of a fraudulent scheme to induce it to make a residential

mortgage loan to Sharon Heard ("Heard"). According to the complaint, New Freedom and appellant C&R, a mortgage broker, had a standing agreement under which C&R brokered loans for New Freedom. Ulz, the debtor/appellee, also brokered loans either as an employee of C&R or as an independent contractor working for C&R. Both C&R and Ulz acted as brokers on the Heard loan and were two of the alleged scheme's perpetrators.

New Freedom's amended complaint contained eight counts alleging various claims against various combinations of defendants. Ulz was named as a defendant in the common law fraud claim in Count I, the Consumer Fraud Act claim in Count II, and the RICO claim in Count IX. C&R appeared and proceeded to defend the New Freedom action, as did several other defendants. Ulz, however, did not appear, and New Freedom moved for a default order. The district court granted New Freedom's motion and entered an order defaulting Ulz on October 1, 2003.

In April 2004, New Freedom reached a settlement with C&R and the other non-defaulted defendants. Under the settlement agreement, C&R would pay New Freedom $225,000 and certain other defendants would pay a total of $60,000. In return, New Freedom would file a motion for default judgment in the amount of $307,937.48 against Ulz and then assign the judgment to C&R. C&R agreed to pay New Freedom the first $15,000 from any recovery on the assigned judgment.

On May 27, 2004, New Freedom filed a stipulation to dismiss and moved to dismiss the claims against the settling defendants. That same day, New Freedom also moved for a default judgment against Ulz and the other defendants in default. On June 3, 2004, the district court granted both motions, entering a judgment against Ulz and two other defendants, jointly and

2

severally, for $307,937.48. The claims against the settling defendants were dismissed with prejudice.

About a week later, on June 4, 2004, New Freedom assigned its judgment against Ulz to C&R, and C&R began collection proceedings. This prompted Ulz to move to vacate the judgment. The district court denied his motion.

One week after Ulz's attempts to forestall collection of the judgment proved unsuccessful, he filed a Chapter 7 bankruptcy case. C&R commenced an adversary proceeding objecting to Ulz's discharge and, following a trial, the discharge was denied. In December 2006, the Chapter 7 trustee filed an initial report of assets, and a notice was sent to creditors fixing March 13, 2007 as the bar date for filing proofs of claim.

Only three creditors filed claims in the bankruptcy court: C&R, Mary Ann Ulz (the wife of Conrad Ulz) ("Mary Ann"), and Rebecca Ulz (the daughter of Conrad and Mary Ann) ("Rebecca"). C&R's claim is an unsecured claim for $307,937.48 based on the assigned judgment. The Ulzs objected to C&R's claim.

The bankruptcy court sustained the objection of Conrad, Mary Ann, and Rebecca Ulz. In reaching its decision, the court reasoned that, under the Illinois Contribution Act, a settling defendant cannot recover contribution from any defendant whose liability a settlement does not extinguish. *In re Ulz*, 401 B.R. 321, 329 (Bankr. N.D. Ill. 2009). The court explained that the settlement agreement between C&R and Ulz was not enforceable because it attempted to accomplish indirectly a reimbursement which the Contribution Act prohibits -- C&R sought contribution from Ulz in the form of the judgment assignment. *Id.* at 332 Consequently, the

3

bankruptcy court held that the claim of C&R was disallowed because the assignment of the default judgment against Ulz violated the Contribution Act. *Id.* at 333.

C&R now appeals the bankruptcy court's decision, asserting three arguments. C&R alleges that the Contribution Act cannot be relied upon by Mary Ann or Rebecca to bar C&R's claim against Ulz because the Contribution Act does not apply to Mary Ann or Rebecca who are not joint tortfeasors. C&R also contends that Ulz is not subject to liability in tort, as required by the Contribution Act because he was found guilty of an intentional tort not covered by the Act, he was not subject to liability in tort for negligent misrepresentation, and because recovery for economic loss was sought in the underlying action. Finally, C&R asserts that the Contribution Act is inapplicable because Ulz did not plead a contribution claim.

## JURISDICTION

This court has jurisdiction over C&R's appeal pursuant to 28 U.S.C. § 158(a)(1), which vests a district court with jurisdiction over appeals from "final judgments, orders and decrees" of the bankruptcy court. Acting as an appellate court, we are bound to accept the bankruptcy court's finding of fact, unless they are clearly erroneous, and may only consider evidence presented before the bankruptcy court and made part of the record. *In re Home Comp. Care, Inc.*, 221 B.R. 202, 205 (N.D. Ill. 1998) (*citing In re Lefkas Gen. Partners*, 112 F.3d 896, 900 (7th Cir. 1997)); *In the Matter of Neis*, 723 F.2d 584, 588-89 (7th Cir. 1983) (*citing* Fed. R. Bankr. P. 8013). However, we review any questions of law de novo. *In the matter of UNR Indus., Inc.*, 986 F.2d 207, 208 (7th Cir. 1993).

## DISCUSSION

The Illinois Contribution Act provides as follows:

> § 740 ILCS 100/2. Right of Contribution
>
> Sec. 2. Right of Contribution. (a) Except as otherwise provided in this Act, where 2 or more persons are subject to liability in tort arising out of the same injury to person or property, or the same wrongful death, there is a right of contribution among them, even though judgment has not been entered against any or all of them.
>
> (b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is liable to make contribution beyond his own pro rata share of the common liability.
>
> (c) When a release or covenant not to sue or not to enforce judgment is given in good faith to one or more persons liable in tort arising out of the same injury or the same wrongful death, it does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide but it reduces the recovery on any claim against the others to the extent of any amount stated in the release or the covenant, or in the amount of the consideration actually paid for it, whichever is greater.
>
> (d) The tortfeasor who settles with a claimant pursuant to paragraph (c) is discharged from all liability for any contribution to any other tortfeasor.
>
> (e) A tortfeasor who settles with a claimant pursuant to paragraph (c) is not entitled to recover contribution from another tortfeasor whose liability is not extinguished by the settlement.
>
> (f) Anyone who, by payment, has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full his obligation to the tortfeasor, is subrogated to the tortfeasor's right of contribution. This provision does not affect any right of contribution nor any right of subrogation arising from any other relationship.

740 ILCS 100/2 (2006).

Thus, the Contribution Act specifically provides that a "tortfeasor who settles with a claimant...is not entitled to recover contribution from another tortfeasor whose liability is not

extinguished by the settlement." 740 ILCS 100/2(e) (2006). The bankruptcy court found that the Contribution Act applies because Ulz and C&R were joint tortfeasors, subject to liability in tort, and this Court agrees. Ulz's liability was not extinguished by the settlement agreement between C&R and New Freedom. Consequently, C&R is not entitled to recover contribution from Ulz. The assignment of the default judgment against Ulz would essentially allow C&R to recover contribution from Ulz. It would allow C&R "to seek indirectly that which it could not do directly." *Dubina v. Mesirow Realty Dev., Inc.*, 756 N.E.2d 836, 842 (Ill. 2001). Therefore, the assignment of the default judgment against Ulz is in violation of the Contribution Act and C&R's claim against the Estate of Ulz is disallowed.

## CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is affirmed, terminating the case. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
United States District Court

Dated: November 20, 2009

6

Case 05-01818 Doc 152 Filed 11/20/09 Entered 12/23/09 13:25:21 Desc Main
Case 1:09-cv-01887 Document 21 Filed 11/20/2009 Page 1 of 1
AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

C & R Mortgage  **JUDGMENT IN A CIVIL CASE**

v.  Case Number: 9 C 1887

Ulz et al

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to hearing before the Court. The issues have been heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that for the foregoing reasons, the decision of the bankruptcy court is affirmed, terminating the case. This is a final and appealable order.

Michael W. Dobbins, Clerk of Court

Date: 11/20/2009

/s/ Tresa S. Abraham, Deputy Clerk

United States District Court
United States Courthouse
219 South Dearborn Street
Chicago, Illinois 60604

Michael W. Dobbins,	November 23, 2009	Office of the Clerk
Clerk

Kenneth Gardner, Clerk
United States Bankruptcy Court
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

Re:	In Re: Rebecca Ulz

USDC No:	09 cv 1887

USBC No:	05 bk 1818

Dear Mr. Gardner:

Certified and transmitted herewith is a certified copy of the order of this Court dated 11/20/2009 before the Honorable Wayne R. Andersen, disposing of the above entitled bankruptcy appeal.

Please acknowledge receipt of the above-mentioned material on the enclosed copy of this letter.

Sincerely yours,

Michael W. Dobbins , Clerk

By:	Johnnie M. Patterson
	Deputy Clerk

Enclosure(s)